# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

---

NO. 15-2158

---

THOMAS W. LOVEGROVE,

*Plaintiff-Appellant,*

v.

OCWEN LOAN SERVICING, L.L.C.,

*Defendant-Appellee.*

---

APPEAL FROM THE ORDER ENTERED AUGUST 26, 2015
BY THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA,
Civil Action No. 7:14-cv-00329-MFU-RSB (Urbanski, J.)

---

SURREPLY BRIEF OF APPELLEE OCWEN LOAN SERVICING, LLC

---

**Christopher M. Corchiarino**
**cxc@gdldlaw.com**
**Goodell, DeVries, Leech &**
**Dann, LLP**
**One South Street, 20th Floor**
**Baltimore, Maryland  21202**
**Tel:  410-783-4038**
**Fax:  410-783-4040**

**Brett L. Messinger**
**bmessinger@duanemorris.com**
**Brian J. Slipakoff**
**bslipakoff@duanemorris.com**
**Duane Morris LLP**
**30 S. 17th Street**
**Philadelphia, PA  19103-4196**
**Tel:  215-979-1000**
**Fax:  215-979-1020**

*Counsel for Appellee, Ocwen Loan Servicing, LLC*

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ..........................................................................................1

ARGUMENT ............................................................................................ 2

CONCLUSION ...........................................................................................7

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Bradley v. Fina (In re Fina),*
  550 F. App'x 150 (4th Cir. 2014) ...........................................4-6

*Garfield v. Ocwen Loan Servicing, LLC,*
  No. 15-527, 2016 WL 26631 (2d Cir. Jan. 4, 2016) ..................... *Passim*

*Randolph v. IMBS, Inc.,*
  368 F.3d 726 (7th Cir. 2004).................................................... 2

*Shirvinski v. U.S. Coast Guard,*
  673 F.3d 308 (4th Cir. 2012) .................................................... 6

*Simmons v. Roundup Funding, LLC,*
  622 F.3d 93 (2d Cir. 2010) ............................................. *Passim*

*Walls v. Wells Fargo Bank, N.A.,*
  276 F.3d 502 (9th Cir. 2002)...............................................1, 6-7

*Yaghobi v. Robinson,*
  145 F. App'x 697 (2d Cir. 2005) .........................................1, 5

### <u>Statutes</u>

11 U.S.C. § 105.................................................................... 5

11 U.S.C. § 350(b) ................................................................ 5

11 U.S.C. § 362(k)...............................................................5-6

11 U.S.C. § 524(a)(2) ...........................................................4-5

11 U.S.C. § 524(j)...............................................................1, 3

## **INTRODUCTION**

In his Reply, Appellant Thomas W. Lovegrove ("Lovegrove") cites heavily to the recent Second Circuit decision in *Garfield v. Ocwen Loan Servicing*, *LLC*, No. 15-527, 2016 WL 26631 (2d Cir. Jan. 4, 2016). Reply Brief at 5-12. In *Garfield,* a Second Circuit panel sought to distinguish two prior panel decisions—*Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010), and *Yaghobi v. Robinson*, 145 F. App'x 697 (2d Cir. 2005)— in concluding that "the Bankruptcy Code does not broadly repeal the [Fair Debt Collection Practices Act ("FDCPA")] for purposes of FDCPA claims based on conduct that would constitute alleged violations of the discharge injunction." 2016 WL 26631 at *3.

For two fundamental reasons, this Court should not follow *Garfield.* First, the *Garfield* panel simply was not presented with, and did not address the impact of, Section 524(j) of the Bankruptcy Code, 11 U.S.C. § 524(j), a key ground supporting the District Court's finding herein of a conflict between the FDCPA and the Bankruptcy Code. Second, the reasoning in *Garfield* overlooks bedrock principles of bankruptcy law and, in so doing, creates a split both within the Second Circuit itself and with the Ninth Circuit's decision in *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir. 2002).

## ARGUMENT

In *Garfield*, a discharged Chapter 13 debtor sued a debt collector which allegedly sought, **post**-discharge, to collect on a discharged **pre**-petition debt. 2016 WL 26631 at *1. The *Garfield* panel believed that "a distinction must be made between claims brought under the earlier statute **during** the pendency of a bankruptcy proceeding and those brought **after** a discharge." *Id*. at *2 (emphasis in original). As to the former, the Second Circuit held in *Simmons* "that the FDCPA does not authorize suit during the pendency of bankruptcy proceedings" because "'[t]he FDCPA is designed to protect defenseless debtors' and '[t]here is no need to protect debtors who are **already under the protection of the bankruptcy court**.'" *Id*. (citation omitted and emphasis in quote). In *Simmons*, the Second Circuit reserved judgment on the "broader rule" that "no FDCPA action can be based on an act that violates any provision of the Bankruptcy Code, because such violations are dealt with exclusively **by** the Bankruptcy Code." *Simmons*, 622 F.3d at 96 n.2 (emphasis in original).

Turning to this question, the *Garfield* panel, relying on the Seventh Circuit's decision in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), held that "[n]o irreconcilable conflict exists between the post-discharge remedies of the Bankruptcy Code and the FDCPA." *Garfield*, 2016 WL

26631 at *3. In reaching this conclusion, the panel justified its departure from *Simmons* because, following the discharge, "**the former debtor no longer has the 'protection of the bankruptcy court**,' which we deemed decisive on the preclusion issue prior to the discharge." *Id.* (citation omitted and emphasis added).

The *Garfield* panel decision is both inapplicable here and fundamentally flawed. First, one of the central issues before the Court here is whether the District Court correctly held that a conflict exists between the FDCPA and the Bankruptcy Code, specifically in its recognition that Section 524(j) of "the Bankruptcy Code permits a creditor to send informational statements to a post-discharge debtor where the FDCPA's more strict provisions do not." Brief of Appellee, Appx. A at 13. Neither party in *Garfield* cited Section 524(j) to the Second Circuit, nor did the court address this provision in its decision. Because the issues decided by the District Court are both more thorough and faithful to Bankruptcy Code principles than those considered by the *Garfield* panel, this Court should not follow its reasoning.

Moreover, *Garfield* is flawed for a second basic reason. The **pre**-discharge FDCPA claims presented in *Simmons* were precluded because "[t]he FDCPA is designed to protect defenseless debtors and to give them

3

remedies against abuse by creditors. There is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself." 622 F.3d at 96. The existence of this bankruptcy court protection, the *Garfield* panel observed, was "decisive on the preclusion issue" in *Simmons*. 2016 WL 26631 at *3. The *Garfield* panel went on to distinguish **post**-discharge FDCPA claims from *Simmons* because, it concluded, after a discharge has been entered, the former debtor "no longer has the 'protection of the bankruptcy court[.]'" *Id.*

This conclusion is demonstrably wrong and belies a misunderstanding of the Bankruptcy Code. The discharge is "an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]" 11 U.S.C. § 524(a)(2); *see Bradley v. Fina (In re Fina)*, 550 F. App'x 150, 152 (4th Cir. 2014). Such an injunction, by its very terms, extends "the protection of the bankruptcy court" to discharged debtors like Lovegrove. *Simmons*, 622 F.3d at 96.

Debtors faced with alleged attempts to collect on a discharged debt "as a personal liability of the debtor" can, do and should return to the

4

bankruptcy court that issued the injunction and request that it reopen the case for the purpose of enforcing the injunction by holding the collector in contempt.[1] *See, e.g., Bradley*, 550 F. App'x at 153 ("Upon Fina's petition, the bankruptcy court reopened the case, issued a show cause order against the appellants, and set the matter for trial."); *Yaghobi*, 145 F. App'x at 699 ("the bankruptcy court is the appropriate forum to determine whether a creditor has, in fact, violated a discharge order").*Garfield,* therefore, fundamentally misapprehended the nature of the discharge injunction.

The *Garfield* panel was further mistaken in its suggestion that discharged debtors are not "under the protection of the bankruptcy court" because Section 524(a)(2) "does not explicitly create a cause of action for its violation[.]" *Garfield*, 2016 WL 26631 at *3. This suggestion starkly contradicts this Court's decision in *Bradley*: "Section 105 [of the Bankruptcy Code, 11 U.S.C. § 105] authorizes a bankruptcy court to hold a party in civil contempt for violating an order of the court, including a discharge order." 550 F. App'x at 154.

The *Garfield* panel also relied on the fact that, unlike Section 524(a)(2), Section 362(k), 11 U.S.C. § 362(k), grants a bankruptcy court

---

[1] Bankruptcy courts have express authority to reopen cases to, *inter alia*, "accord relief to the debtor[.]" 11 U.S.C. § 350(b).

express authority to punish violations of the **pre**-discharge automatic stay injunction as contempt. *Garfield*, 2016 WL 26631 at *3. This difference, however, is superficial, at best, given that a proceeding to enforce bankruptcy discharge is functionally indistinguishable from one to enforce the automatic stay; in each instance, the only relevant question is whether the defending party willfully violated the court's order. *Compare Bradley*, 550 F. App'x at 154 *with* 11 U.S.C. § 362(k).

In short, a clear reading of the Bankruptcy Code establishes that discharged debtors are in fact "under the protection of the bankruptcy court" in the same manner as they were prior to the discharge. Because the continued protection of the bankruptcy court is "decisive on the preclusion issue[,]" *Garfield*, 2016 WL 26631 at *3, and because it is clear that *Garfield* was mistaken that there is a valid distinction between pre-discharge preclusion under Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, and post-discharge preclusion under Section 524, *Garfield* should not be followed by this Court.

Finally, this Court has expressed an understandable reluctance to create a split between circuit courts. *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 316 (4th Cir. 2012). Before *Garfield*, the Ninth Circuit in *Walls* was the only federal appellate court to have squarely decided whether

FDCPA claims predicated on a violation of the discharge injunction are precluded by the Bankruptcy Code. There the court held that a discharged debtor's "remedy for violation of § 524 no matter how cast lies in the Bankruptcy Code," and that a "simultaneous FDCPA claim is precluded." *Walls*, 276 F.3d at 511. Garfield departed from this ruling, creating a divergence with the Ninth Circuit. Thus, whatever the Court's ruling in this appeal, it will only be taking a side in an already existing circuit split.[2] For the reasons set forth in Appellee's principal brief, this Court should follow the analysis of *Walls* rather than *Garfield*.

## <u>CONCLUSION</u>

For these reasons, as well as those set forth in Appellee's principal brief, this Court should affirm the District Court's August 26, 2015 Order.

---

[2] It should be noted that, on January 13, 2016, a motion for an extension of time in which to file a petition for panel rehearing and rehearing en banc was filed in the *Garfield* case, presaging the possibility of further proceedings in that appeal to resolve the disagreement between the panels in *Simmons* and *Garfield*.

January 19, 2016

Respectfully submitted,

/s/ Brian J. Slipakoff
**Brett L. Messinger**
**bmessinger@duanemorris.com**
**Brian J. Slipakoff**
**bslipakoff@duanemorris.com**
**Duane Morris LLP**
**30 S. 17th Street**
**Philadelphia, PA 19103-4196**
**Tel: 215-979-1000**
**Fax: 215-979-1020**

**Christopher M. Corchiarino**
**cxc@gdldlaw.com**
**Goodell, DeVries, Leech &**
**Dann, LLP**
**One South Street, 20th Floor**
**Baltimore, Maryland 21202**
**Tel: 410-783-4038**
**Fax: 410-783-4040**

**Counsel for Appellee, Ocwen**
**Loan Servicing, LLC**

# CERTIFICATE OF SERVICE

I certify that on  1/19/2016            the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s/ Brian J. Slipakoff
_____
Signature

1/19/2016
_____
Date